FILED
JUL 30 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR 03-2006 4-1 |
| ) | |
| KEITH BENNETT JOHNSON, ) | Title 18, United States Code, |
| (Also Known As Keith Bennett), ) | Sections 1344(1) & (2) and |
| ) | 1343. |
| Defendant. ) | |

## INDICTMENT

### COUNT 1

**THE GRAND JURY CHARGES:**

1. From on or about June, 2002, and continuing to about July, 2002, in Vermilion County, in the Central District of Illinois, and elsewhere,

**KEITH BENNETT JOHNSON,
(Also Known As Keith Bennett),**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud the First National Bank of Danville, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds from the bank by false and fraudulent pretenses and representations.

2. It was part of the scheme and artifice that JOHNSON would and did meet with an individual in Miami, Florida and discuss obtaining counterfeited checks from the individual.

3. It was part of the scheme and artifice that the individual would and did



provide JOHNSON with check number 9866, purportedly drawn on the account of Ft. Lauderdale Nissan, 1300 S. Federal Highway, Fort Lauderdale, Florida at Bank of America and made payable to J.J.P. in the amount of $30,000, which was a counterfeited and forged check.

4. It was further part of the scheme and artifice that JOHNSON would and did give the check to an individual who would and did cause the counterfeited check to be deposited into an account at First National Bank of Danville on or about July 17, 2002.

5. It was further part of the scheme and artifice that over $20,000 in monies and funds were withdrawn from the account after July 17, 2002.

6. On or about July 22, 2002, in Vermilion County, in the Central District of Illinois, and elsewhere,

**KEITH BENNETT JOHNSON,**
**(Also Known As Keith Bennett),**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud the First National Bank of Danville, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds from the bank by false and fraudulent pretenses and representations, in that JOHNSON received a check made payable to him from the account at the First National Bank of Danville in the amount of $825.00.

In violation of Title 18, United States Code, Section 1344(1) & (2).

## COUNT 2

**THE GRAND JURY CHARGES:**

1. From on or about August, 2002, and continuing to on or about October 7, 2002, in Vermilion County, in the Central District of Illinois, and elsewhere,

**KEITH BENNETT JOHNSON,**
**(Also Known As Keith Bennett),**

defendant herein, devised and intended to devise a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses and representations from Multi-Financial Securities Corporation, a financial institution.

2. It was part of the scheme and artifice that on August 12, 2002, JOHNSON opened a "Pershing" account in the name of Vermilion Investment Group, L.L.C., with Multi-Financial Securities Corporation through its independent registered representative, H.T., doing business as Empire Advisors, Inc., located at 2 Tower Drive, Suite D in Fulton, New York.

3. It was further part of the scheme and artifice that JOHNSON indicated to H.T. that JOHNSON needed some cash to acquire some real estate and would be depositing a check from someone from California into the Vermilion Investment Group, L.L.C. account for this purpose.

4. It was further part of the scheme and artifice that on October 1, 2002, JOHNSON caused an individual in Miami, Florida to fax to H.T. in New York, a copy of check number 14020076, purportedly drawn on the account of United HealthCare of Florida, Inc., 2600 Lake Lucien Drive, #300, Maitland, Florida at Chase Manhattan Bank,

N.A., and made payable to Pershing for the benefit of Vermilion Investment Group in the amount of $250,513.84, which was a counterfeited check ("the counterfeited $250,513.84 check").

5.  It was a further part of the scheme and artifice that on October 2, 2002, JOHNSON caused the counterfeited $250,513.84 check to be sent to H.T. in New York via FedEx with an airbill indicating that the counterfeited $250,513.84 check had been sent from Los Angeles, California by United HealthCare, even though in reality the FedEx package had been sent from Chicago, Illinois.

6.  It was a further part of the scheme and artifice that JOHNSON then called H.T. on several occasions in early October 2002 and requested that $100,000 of the counterfeited $250,513.84 check be released to him.

7.  On or about October 6, 2002, in Vermilion County, in the Central District of Illinois, and elsewhere,

**KEITH BENNETT JOHNSON,**
(Also Known As Keith Bennett),

defendant herein, for the purpose of executing and attempting to execute the scheme and artifice did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, a facsimile transmission from facsimile number 217-431-8785 at 16 West Madison, Danville, Illinois to facsimile number 315-598-7067 at 2 Tower Drive, Suite D, Fulton, New York, said facsimile transmission consisting of three pages that included a signed request by JOHNSON that $100,000 be transferred by wire from Vermilion Investment Group, L.L.C.'s "Pershing"

account with Multi-Financial Securities Corporation to an attorney trust account at Central Illinois Bank in Danville, Illinois for the benefit of Vermilion Investment Group, L.L.C.

    In violation of Title 18, United States Code, Section 1343.

                              A TRUE BILL.

                              s/ Foreperson
                              FOREPERSON

s/ Jan Paul Miller
JAN PAUL MILLER
United States Attorney

ELM

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

E-FILED
Tuesday, 03 May, 2005  04:22:01 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

_____ District of _____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| | Case Number: |
| | USM Number: |
| | _____ |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | | | |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_____
Date of Imposition of Judgment

_____
Signature of Judge

_____
Name and Title of Judge

_____
Date

AO 245B   (Rev. 12/03) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page _____ of _____

DEFENDANT:
CASE NUMBER:

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page _____ of _____

DEFENDANT:
CASE NUMBER:

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from   excessive   any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KEITH BENNETT JOHNSON aka Keith Bennett
CASE NUMBER: 03-20064-001

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not incur any new debts or open any additional lines of credit in excess of $300 without prior approval of the probation officer.

2. You shall provide the probation officer access to any requested financial information including both your business and personal income tax returns.

3. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment, including testing to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer.

4. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. You shall pay for these services as directed by the probation officer.

5. You shall participate in a program of job training or employment counseling as directed by the probation officer.

6. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

Print this page now Reset this page
Include this page when printing?
Yes No

2:03-cr-00094-MFM-DGB #228 Page 6 of 61
AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page _____ of _____

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

2:03-cr-00934-MFM-EDCB #228 Page 6 of 61
AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page _____ of _____

DEFENDANT:
CASE NUMBER:

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.