**E-FILED**

Monday, 30 January, 2006  03:21:56 PM

Clerk, U.S. District Court, ILCD

UNITED STATES OF AMERICA DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, DANVILLE / URBANA DIVISON

| | | |
|---|---|---|
| KEITH BENNETT JOHNSON | ) | |
| Petitioner | ) | Civil Case No. $05-2291$ |
| | ) | |
| | ) | |
| v. | ) | Hon. Judge Micheal P. McCuskey |
| | ) | |
| | ) | **FILED** |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |
| | ) | JAN 3 0 2005 |

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

MOTION FOR RELIEF OF JUDGEMENT IN
ACCORDANCE WITH RULE 60 F.R.C.P.

The PETITIONER, KEITH BENNETT JOHNSON, is untrained in the field of law, relying
on the protections afforded him in litigation by the U.S. Supreme Court in Hughes
v Rowe 499 U.S. 5, 9-10; 101 S. Ct. 173; 175-177; 661. Ed. 163 (1980) (per curiam):
30 L. Ed. 652 (1972), where pro se briefs should be liberally construed and not held
to technical compliance with rule or procedure.

"Coram nobis motion is step in criminal proceeding that is, at same time, civil in
nature and subject to these rules. "

( U.S. v Balistrieri, C.A. Ill. 1979, 606 F.2d 216)

" Civil procedures are available to remedy criminal convictions and their consequences,
especially where constitutional deprivations are involved."

( Neely v. U.S., C.A. Pa. 1976, 546 F. 2d. 1059)

KEITH BENNETT JOHNSON
#14092-026
P.O. Box 12014
F.P.C.
Terre Haute, IN. 47801

GROUNDS AND EVIDENCE FOR RELIEF OF

JUDGEMENT FROM THIS COURT

NOW COMES THE Petitioner, acting pro se, and moves to be relieved from the
judgement rendered by this court in his criminal matter under  03-CR-20064
in support of such motion the petitioner, enters the following with attached
evidence;

IN the instant matter before the court, it has appeared at times, to the petitioner,
that clarification is needed as to terms used. In an effort by this untrained in
law, individual, to be clear let it be stated as per Black's 5th Ed. that;
this motion is to be: " construed liberally" as per Black's Liberal -"Free in
giving; generous; not retrained or narrow-minded; not literal or strict."
under Construction - " liberal (or equitable) construction; on the other hand, expands
the meaning of the statute to meet the cases which are clearly within the spirit or
reason of the law,.....It means not that the words should be forced out of their natural
meaning, but simply that they should recieve a fair and reasonable interpretation
with respect to the objests and purposes of the instrument." Intrepretation - " The
art or process of discovering and ascertaining the meaning......The discovery and
represntation of the true meaning of any signs used to convey ideas."
These are the protections/rights of the pro se, untrained in law, petitoner/defendant,
whether in this case or another, but should not be extended to the trained in law,
professional, who should be as competent in his craft, as the Judge is in interpretation
of such matters. The petitioner, has felt at times in the matter, that this has not
been the case. This having been clarified the petitioner moves on to the instant matter;
" A liberal construction of this rule is particulary appropriate where equitable
considerations are involved." (Johnson Waste Mat. v Marshall C.A. Tex. 1980, 611
F. 2d 593) " This rule should be liberally construed for the purpose of doing
substainial justice." (In re Hankins, D.C. Miss. 1973, 367 F. Supp. 1370 )
It is therefore concluded that this motion and the evidence invloved should be
viewed with the aforementioned criteria in mind.
THIS motion, is of the type and nature to accomplish relief from this court and
the judgement rendered on April 29th, 2005 in the criminal matter. In support of
this; " This rule relating to motions for relief from judgement establishes pro-
cedure intended to completely replace ancillary common law and equitable remedies
of coram nobis." ( Bankers Mortg. Co. v U.S. C.A. Tex. 1970, 423 F. 2d 73 )
"Although this rule pertaining to relief from judgement or order abolished certain
common law writs, this rule fully retained substance of such writs." (Matter v.
Brown, D.C.D.C. 1975, 68 F.R.D. 172). As will be setforth in this motion, relief
from judgement is proper on the basis of not only this rule, or its parameters,

(1)

but on one or several other reasons, as has been acknowledged by the courts;
" A claim for relief from judgement on basis of"any other reason justifying
relief from the operation of the judgement" is cognizable where there is evidence.....
or injustice .....or hardship is found, this rule is to be liberally applied to
accomplish justice." ( U.S. v McDonald , D.C. Ill. 1980 86 F.R.D. 204 ) SINCE this
motion has taken the place of Coram Nobis the meaning of such as per Black's 5th
it is stated; "In OUR presence; before us, The office of "writ of coram nobis" is to
bring attention of the court to, and obtain relief from, errors of fact, such as a
valid defense existing in facts of case, but which, without negligence on the defendants
part, was not made, either through duress or fraud or excusable mistake , where facts
did not appear on face of record, and were such as, if known in season, would have
prevented rendition of the judgement questioned." (People v Tuthill, 32 Cal. 2d. 819
198 P. 2d 505, 506) The essence of coram nobis is that it is addressed to the very
court which renders the judgement in which injustice is alleged to have been done
in contrast to appeals or review directed to another court ...."
SO it is, that this motion with attached evidence is proper to acheive relief
and this is in fact, the proper court to which such a motion is to be submitted.

GROUNDS FOR RELIEF

Although many of these grounds have been brought before this court in various
other motions, and before the appellate court, the necessary evidence has been
made a part of this motion. As forms of evidence and through the courts actions
in each matter, they have been rendered as truth and are again enetered as new
evidence under Rule 803 and the various subsections pertaining to such.
" Final judgement, order, or proceeding which may be subject for relief under
this rule applicable in event of mistake, ....newly discovered evidence, and fraud
means a determination which has finality, ...." (Hulson v Atchison T & S.F. Ry.Co.
D.C. Ill. 1961, 27 F.R.D. 280) see (Brown v Penn. R. Co., C.A.Pa. 1960, 282 F. 2d.
522) regarding evidence. Doctrine of Estoppel has been used through-out this matter
and mostly as a "sword" but does not discount the truth of the evidence.
Therefore grounds for relief are sought either on one or more of the grounds as
follows;

I. MISTAKES

(a.) AS per the evidence submitted the petitioner, has noted that this court never
    had jurisdiction over the subject matter and the prosecution never proved
    such. On the other hand the evidence of lack of jurisdiction has been upheld
    by the estoppel used by the prosecutor and affirmed by the court(s) rulings.
    This constiutes a mistake on the part of both aforementioned parties.

(b.) The charging instruments in the criminal matter, were never correct in either form or in information. Such constituted fraud on the part of the govermenent and concealment as to the necessary required (by Constitution and by Statute) defendant and plaintiff. This mistake was a fraud upon the court and acheived by dishonest means of estoppel. Using the doctrine as a "sword instead of a sheild." see American Jurisprudence under estoppel. (c.) As per the evidence the mistakes of both the defendant, and the court appointed Defender, as to "the totality of the circumstances" casued the petitioner to be dealt with injusticely by this court. This is not to discount the principle as setforth in the evidence of "unsound mind". AT THE heart of these mistakes is both the concealment by the government which has been addressed in the evidence, and the usurpation by the court of subject matter jurisdiction. Therefore the petitioner allows the court to speak as per " A judgement rendered without jurisdiction over subject matter in question is void and a void judgement may be attacked directly or collaterally at any time." (Vereem v U.S. Mich. 1957, 154 F. Supp. 431 affirmed 78 S.Ct. 1006,356 U.S. 676, 2 L. Ed. 1072, see also, Hicklin v Edwards, C.A. Mo. 1955, 226 F. 2d 410 ). Additional evidence of these types of mistakes is evident through out the evidence provided.
II. INADVERTENCE

This petitioner, stands guilty, like the prosecutor, the court, and the citizen's of the United States of America, as all play a part in the matter of INADVERTENCE. The petitioner for his part, trusted in his Court appointed Public Defender, to protect him, advise him, and defend him from the government. The same government that she (defender) was a part of and employed by, who also was the plaintiff. The petitioner, trusted in the system, the law, and the court to deal with him justly and per the Constitution. So therefore, stands guilty of acting " Heedless(ness), lack of attention, want of care, failure of a person to pay careful and prudent attention to the progress of negotiation or proceeding ..." (Black's 5th) and trusting in his defender, to protect him from any and all mistakes as may be committed in accoradence with legal rights, procedure, and all possible charges which he may face. The petitioner, beleived that his defender was a professional, and would provide all possible defenses to the charges, and therefore trusted indavertentley the defender and court appointed adviser.

THEREFORE in regard to INADVERTENCE, the petitioner, due to many factors was as per the evidence in his previous motion (evidence under Rule 33 motion) without full understanding, or full comprehension of the circumstances. This in no way discounts the merits as setforth in his previous motion, nor the principle laid before the court of the "unsound mind", the plea agreement/contract, or other evidence as entered herewith.

(3)

BE it inadvertence, or excusable neglect, the petitioner, trusted in the fact
and belief, that law as predicated upon <u>intent</u>, and therefore, he would be
afforded justice based upon his intentions to do good, and not on a relevant
conduct which, never materialized or never was admitted. (see sentence hearing
records for evidence) Given the factors as they are now known to the petitioner,
since his restoral to his sound mind, he is all to aware of that inadvertant
behavior.

### III. EXCUSABLE NEGLECT

To this as to the previous grounds, the evidence provided this court in prior
motions speaks for its self. The excusable neglect based upon ingnorance of not
just the law and the workings of the court, but the excusable neglect of not
pushing harder to defend his Constitutional Rights and freedoms, as afforded by
the framers thereof. Instead, the petitioner relied upon the dilegence of the
Public Defender, who was incapable of her task, and therefore relied upon her
protection of a contract depriving the, then defendant, of his constitutional
right of appeal, or attacking her effectiveness. Excusable neglect on the part
of the petitioner, but to let such a judgement stand would be neglect upon the
courts part to dispense justice. "Guilty plea primarily motivated by deprivation
of a fundamental constitutional right <u>cannot</u> stand."(Elmer v U.S. C.A. Nev. 1967
378 F. 2d 672 )..AS per the evidence submitted the contract was void from the
begining as per law of contracts, and to allow such to stand would constitute
both an injustice and a fraud upon this court.
EXCUSABLE under the law, as the petitioner, who at the time was of "unsound
mind" and resting upon his court appointed Defender, as was his right as a
"ward of the court". Speaking to this ground and the previous it is noted;
" When a party seeks to invoke a sub. (b)(1) of this rule providing the court
relieve a party from final judgement for reasons of mistake, inadvertence, surprise
or excusable neglect he must show he was justified in failing to avoid the mistake
or inadvertence." ( Sears, Sucsy & Co. v Insurance Co. of North America D.C. Ill.
1975 392 F. Supp. 398.

### IV. Surprise

In the instant matter before this court, this ground is endless, and in the interest
of the courts time, it will be stated that; when one is of "unsound mind" and then
restored by order of the court everything appears new and such invokes a complete
surprise. Some of the major surprises not touched on already, is the allownace
of the contract and its use of the CHILLING EFFECT DOCTRINE, and the use of
the "SWORD" of estoppel. The denying of Constitutional rights is rampant in this
matter and again is spoken to by the evidence provided.

## V. NEW EVIDENCE

Much of the new evidence stands as per the attachment, and other new evidence as provided in this motion is provided as grounds for relief. The new evidence provided this court, if provided in season, defintely would have be grounds for either a new trial, or dismissal. Due to the prior grounds as stated it is self-evident as to why this was not done. This is not discount any of the previous merits brought forth in prior motions. But again in the interest of the court, the petitioner will not cover ground that can be reviewed per evidence.

## VI. HARDSHIP

The instant matter herewith, has been the cause of great hardship upon not only the petitioner, but on his entire family. This judgement has kept the petitioner, from his life, liberty, and pursuit of happiness, thereby rendering his family without it major bread winner. A blind woman is in jeporady of losing her shelter. A Honor Student has been reduced from his standing, to one that is a full-time employee and a student with some failing grades and some which are average at best. The financial burderns of this family and the lack of a husband and father have led to other hardships such as the loss of household goods, momentos, 26 years worth of history and a son on the verge of bankruptcy. The case its self cost his son his car due to fraud on the part of the government, the family their entire warehouse full of goods, and a residence.

There is also the matter of medical hardships, as to those of the petitioner, who is in need of medical which the BOP does not and will not supply, the petitioners mother who is in failing health and his wife who is in need of medical treatment but not capable eith financially or physically to get there. Many of these issues are not new, but due to whatever reason were not addressed by counsel or otherwise. The facts that these hardships exist based upon an indictment of Conspiracy to commit an act is not only unconstitutional, but is addressed in;"Conspiracy as known at common law is not cognizable as such in the federal courts." ( U.S. v Martin C.C. Pa. 1870, 26 F. Cass. 1175 No. 15728 ). Aside from which the again the matter of jurisdiction is brought forth. Jurisdiction as in under 28 U.S.C. 12 (h) 3 . Question asked but not answered. "The Courts of the United States have no common law jurisdiction in criminal cases." ( U.S. v Worrall cc Pa. 1798 28 F. 28 F. Cas 774; Fulbright v U.S. C.A.A. Mo. 1937, 91 F. 2d. 210; U.S. Shelton C.C.S.C. 1900, 100 F. 831; U.S. v Plumer c.c. Mass. 1859 27 Fed. Cas. No. 16056 ;U.S. v Clark c.c. Mass 1813, 25 Fed. Cas. No. 14,804 )

Let it be said that hardship imposed by the government by means of deceptive and fraudulent acts, with the incorporation of concealment, and doing so to oppress its own citizens and deny them constituitonal rights, will not be tolerated in this court.                    (5)

## VII. OTHER REASONS FOR RELIEF

Though the petitioner is not trained in law, he would be lax in his efforts if
he did not point out that there are an endless supply of reasons, many addressed
in the evidence as provided. But in support of the effort to invoke relief these
must be added;

RELEVANT CONDUCT - objected to in court record pertaining to sentence hearing
This petitioner was enhanced for both obstruction of justice, and for wire fraud
which were both objected too. Both are matters which are worthy by themselves as
charges constituting more than 6 months worth of imprisonment for either count,
if convicted. Yes, if convicted !!! If convicted in front of jury, with a full blown
trial and more than just "preponderence of the evidence". The courts have spoken
to such an act in Lewis v U.S., 518 U.S. 322, 327, which stated " if any offense
charged had authorized more than six months' imprisonment, he would have been
entitled to a jury trial." The petitioner never admitted guilt to either charge
and as stated in the contract "plea agreement", wire fraud was to be dismissed,
it is therefore noted, under Art. III ∫ 2, Clause 3 of the Constitution, and Amend. 6
that both need to be in the forms of indictment and trial before a jury. The charge
of "obstruction of justice" can carry a penalty of up to two years on its own. As
held in Winship, 397 U.S. 358, where the defendant was subject to 18 months and
could be enhanced up to six years. Is that so much different than this case???
Look at USSG 2J1.2 for obstruction penalty. The court at the request of the
government, enhanced the petitioner to the maximum as sought by them. Since
when does a defendant, not get afforded his Constitutional Rights ?  In the
case of Blanton v North Las Vegas, 489 U.S. 538, 542 the court stated;
" Baldwin established that a defendant is entitled to a jury trial whenever the
offense for which he is charged carries a maximum authorized prison term of greater
than six months. 399 U.S. at 69 ...... the possibility of a sentence exceeding six
months, we determine, is "sufficently severe itself" to require opportunity for a
jury trial." Id. 69  UNDER what standard of law, or what part of the Constitution,
does it state that an enhancement which can subject a defendant to any more than
a totla of six months, is so insignificant an event, that the court can determine
the criminal offense, by use of Civil procedure such as, "preponderance of evidence".
(Winship, 397 U.S. at 363 )?? After 200 plus years of Constitutional Law, are we
now reduced to use of the rules so insignificantly, especially OUR RIGHTS ??
THE ESTOPPEL DOCTRINE and its use by the prosecution and Courts.

Again the petitioner, has addressed much of htis in the included evidence but, will
expand such ever so quickly. Though NOT TRAINED IN LAW, the petitioner feels he convey
an idea of the true meaning, with aid from volumes of American Jurisprudence, which

(6)

at times has a very enlightening effect on matters. The matter in question of
the use of Estoppel by the Prosecutor, or the Court, is very elusive to those
untrained in law. Therefore without, "forcing the words out of their natural
meaning" let the volume 28 AM JUR 2d speak for itself. Under ξ 3 ......
Estoppels should be resorted to soley as a means of preventing injustice and should
not be permitted to defeat the administration of law, or to accomplish a wrong or
secure an undue advantage.( vol. referenced) NOW, is good only for the government
or is this good for the defendant also? What is administration of law and who does
it favor ? Is it wrong for the government to secure and undue advantage against the
defendant, in its quest for justice(?)? NOW look further to ξ 8 of the same volume
and it is stated CAPACITY; person being estopped, must be "sui juris", meaning –
" not under legal disability or power of another, or guardianship. Having capacity
to manage one's own affairs; ... to act for one's self." (Black's 5th) This most
definetly points to an undue advantage when as the evidence concludes the defendant
was of an "unsound mind", "ward of the court", and under court appointed guardianship.
THE prosecutor, has remained silent in the matter of jurisdiction and many other matters
brought forth by motions. As attested in the prior motions this is consistent to
dishonest dealings. But further to such AM JUR 28 2d states; ξ Prac. Guide "Because
estoppel applies only to voidable acts subject matter of a court cannot be conferred
by estoppel." Perhaps this is why such is better proved by the prosecutor ?
28 AM JUR 2d ξ 32 .... But since estoppel in pais operates as a shield and not
a sword, the estoppel should not be given effect beyond the extent of injury ...
but should be limited to saving or making whole....". The question begs answers,
who can wield the sword and who does the shield protect ? When are those who are
under duty to speak, and deal with honesty, going to be held to accountability, as
they hold their victims? At minimum to the Constitution.
"For Federal court petitioner to be afforded relief through coram nobis he must
specifically show present adverse effect from unconstitutional conviction.
  (Mathis v U.S.D.C. N.C. 1965, 246 ) The petitioner, has done as per this
motion and the attached evidence.

## VIII. REHABILITATION ??

At the time of this courts rendering of the sentence, the Judge Hon. M.P. McCuskey
stated that he felt impossible for the petitioner, to be rehabilitated. To that
matter the petitioner asks what the Judges' interpretation of rehabilitation
is? If it is that the petitioner is moving in a new and more productive way
of life, then the Judge needs to examine the following information. This has
been due to the hardship as inflicted by this judgement and let it be said " that
what doesn't kill us makes us stronger" never has that been more true, than in

(7)

this case. The petitioner, who has never been trained in law, has found a zest
for both the law, and the Constitution. This has proven intense enough that
the petitioner, has at 50 years old decided to move his life in a new direction.
He intends on becoming a PUBLIC DEFENDER, in a hope to spare others the pain
and suffering that he has had to endure in this matter. During my incarceration,
I have received a G.E.D. from thestate of Indiana and scored a perfect score on
the comprehension part of the test. I have enrolled to take classes at the U of I
but may look into something closer to home, if released. The petitioner, does not
discount that this has been a life altering event, but as such it has effectuated
change of direction. This should not be interpreted that the petitioner for any
reason backs away from his arguements, only that he is well aware that from
every ordeal both good and bad will come.

THE GROUNDS have been herefore set out for relief in this matter. The interpretation
of these grounds and evidence has been placed before the Judge for his review. To
this matter as set forth in Black's the Judge is the artist and discoverer of the
truth. The petitioner, therefore is in the hands of the Judge and his appliance
of the law, and justice in this matter. The petitioner is of the opinion, that
he has provided the grounds as setforth under Rule 60, but again he is not trained
in law.

" Judgement will not be set aside <u>absent</u> a <u>showing</u> that defendant's mistake was due
to an erroneous impression of fact, an unexpected and unavoidable occurance making
neglect a matter not of carelessness, but of inevitability."
(Federal's Inc. v Edmonton Inv. Co. D.C. Mich. 1975, 404 F. Supp. 68 affirmed 555
 F. 2d. 577)

" Trial Court has the authority to grant relief from judgement whenever, considering
all the relevant circumstances, such action is deemed approperiate in furtherance
of justice." (Matter of Smith , Bkrtcy. Va. 1980 3 B.R. 224 )


This motion is submitted with $29$ pages of evidence as per Exhibits(cover page)
a total number of $38$ pages with motion. Drawn by my hand and attested to as
such; this the 26th day of January, 2006.

Keith B. Johnson - flesh and blood
P.O. Box 12014
Terre Haute, IN. 47801
Inmate # 14092-026

NOTICE OF FILING
AND PROOF OF SERVICE UPON PARTIES

---

TO: CLERK OF THE COURT , JOHN WATERS
    UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SUITE 218
201 South Vine St.
Urbana, IL 61802 – 3369

TO: Eugene Miller
    Office of U.S. Attorney
    201 S. Vine St.
    Urbana, IL. 61802

Mailed this the 26th day of January 2006 via Inmate mail  and U.S. Postal Service.
By my hand and attested by my signature

Keith B. Johnson in
flesh and blood

E-FILED
Monday, 30 January, 2006  03:22:14 PM
Clerk, U.S. District Court, ILCD

05-2291
Johnson v. USA

EVIDENCE AS PER THE RECENT FILING OF MOTION UNDER RULE 33
ALONG WITH ALL EVIDENCE SUBMITTED UNDER RULE OF EVIDENCE RULE 803

Total pages...... 29 of evidence



FILED

JAN 3 0 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

MOTION FOR NEW TRIAL AND DISMISSAL



NOW COMES THE DEFENDANT, acting pro se, and untrained in law. It should be noted
that the defendant can only access very limited legal resouces and therefore,
has used those U.S.C. and other materials as are available within these confines.
This prison camp is much less equiped than the attached U.S.P. and therefore, is
not conducive to legal research. This having been stated the defendant, will
proceed in a best efforts motion.

Under Rule 33 of Title 18 ...New Trial
(a) Defendant's Motion ....the court may vacate any judgement ....the interest of
    justice requires.
(b) Newly Discovered Evidence. Any motion ...grounded on newly discovered evidence
    ....not grant a new motion until the apellate court remands the case.
In section (a) it is clearly stated that this court has power necessary to vacate
any judgement, especially in the interest of justice or Just ice as the case may be.
In section (b) it clearly is stated that this can only be done (new trial) after the
appellate courts has remanded and new evidence is introduced.
IN THE instant matter before this court, the appellate court remanded this case
back to the district on the 14th of December, 2005. In an effort to introduce
newly discovered evidence, the defendant made a motion which was filed on the same
date. This court denied such and STRUCK such based upon NO JURISDICTION, a act of
harmful error. In fact a denial of the defendant's rights under due process. SO
NOTED.

NEWLY DISCOVERED EVIDENCE AS PROVIDED BY DECISION OF APPELLATE COURT
The decision of the appellate court, along with other newly accessible information
entered as evidence under Rule 803 subsections 1,2,3,14,22 is herein introduced
for the record and supporting documentation provided as per attachements numbered
  1 to 4 . All as per Rules of Evidence. Total - 17 pages w/o covers.

(a) As per exhibit, the Appeals Court has removed the impediment of the defendant,
    to access justice, by their ORDER which allowed the governmental impediment,
    known as the Federal Public Defender, as provided by contract through the
    the court and with the defendant, to withdraw, thereby releasing the defendant
    and court appointed attorney from their respective contractual obligations.
(b) The appellate courts' decision also, restored the defendant, to his condition,
    as under law, to be of "sound mind". The release of the Attorney & Client
    court ordered relationship, which had rendered the defendant, of "unsound
    mind", was no longer an impediment to either justice or thought. It therefore,

became evident, that the defendant had been restored to full and intelligent thought, thereby rendering him capable to understand, comprehend, and defend any and all attacks upon his life, liberty, and pursuit of happiness.

## ATTORNEY & CLIENT RELATIONSHIP

Attorney: ....with obligation to the courts and the public not to the client,and whenever duties of his client conflict with those he owes as an officer of the court......... Corpus Juris Secundum 1980 Section 4

Client: .....Clients are also called "wards of the court"in regard to their relationship with their attorneys. .....Corpus Juris Secundum 1980 Section 4 as per, Black's 6th as a derivative of latin ...client is known to ..... depend upon another as a protector, adviser, or defender in suits at law or other dificulties. (how much more in the case of a court appointed attorney?) WARD OF THE COURT- as per Black's 4th , "Infants and persons of unsound mind. IT SHOULD BE noted herewith, that none of this evidence could be made either available or accessible without the remand and decision of the appellate court. Therefore, such is entered as new evidence.

(c) NOW that the defendant is of sound mind, he has discovered, the following in regard to the actions, conduct, and motives of the government (defender,prosecutor, and others) and their procedure. The "ward of the court" was placed by the court in a position of relying upon an employee of the plaintiff, in matters pertaining to life, liberty, and pursuit of happiness. YET as a ward, he must defer to the advise of the defender, adviser, and protector. His unsound mind, was not therefore, legally capable of knowing, intelliegent, and comprehensive thought or production.

(i) THEREFORE, when the Public defender stated that she felt there was only one
    intelligent opition, and that was to enter a plea agreement. Though not fully
    convinced, after a conversation with Asst. to Mr. Parsons, who assured the
    defendant that he would look into it, the ward did as was advised. It should
    be noted that the plea agreement though from the ward came voluntarily, it
    was not with full knowledge, nor could such be comprehened given the " total-
    ity of the circumstances ". Circumstance which included a defender, who was
    in the employ of the plaintiff, a co-worker therefore, of the prosecutor, and
    a officer of the court, THE U.S. DISTRICT COURT, or another governmental agent,
    and thereby, same employer. Another newly discovered fact is that, the
    plea agreement since it is now known, by the defendant is only challengeable
    under CIVIL, or contract law. This is a fact withheld by the government and
    a cite will follow, so as a contract this contract would have to be entered
    into not only knowingly, with full understanding of the consequences, cite to
    follow,                    (2)

but contracts must be completed in "good faith" and though the defendant is not trained in law, he has looked through the available COMMERCIAL CODE books here, which are under Indiana Law, and discovered that;

Commercial Law 26-1-1-201 Indiana Code (1998)

(19) Good faith means honesty in fact in conduct ....

and under

26-1-1-203 Obligation of Good Faith

Every contract or duty within ....imposes an obligation of good faith in its performance or enforcement.

THIS PLEA AGREEMENT when, viewed under the totality of the circumstances, was not only,not in good faith but was presented and accepted by (attorney for ward) the same party. There was never an attempt at good faith, by robbing the "ward" of his constitutional rights, his right to proceed against his defender, and his right to appeal, is not done in good faith. In ADDITION, the party of the government, which is a real question in its' self, did not even keep per the terms eluded by dismissal of the 2nd count, which the "ward" never plead too. It instead was used as an enhancement to place the whole situation in a different light, which the defender, adviser,protector, never did her quasi-duty, in protecting the ward from such a breech.

Cites for info thus far:

(1) If it can be shown that the government diliberatley suppressed evidence, new trial is warranted even if evidence is merely material or favorable to defense. (U.S. v Bravo S.D. N.Y. 1992 808 F. Supp. 311)

This cite speaks to plea agreement and the relationship in total of the parties. A guilty plea does not satisfy constitutional requirements of being voluntary and knowing if it is made without full understanding of the consequences of the plea.

( Gates v U.S. , C.A. ILL 1975, 515 F. 2d 73 )

This cite is self-evident as to paragraph above, and would prove impossible as per the defendants legal "unsound mind" condition.

(ii) IT is newly discovered by the provision of the ANDERS briefby the appellate court, and the copy provided by former defense counsel, that as the "ward" has maintained since the sentence hearing, that not only, was the "ward of the court" not in full understanding of the consequences, but in fact his governmental, and trained in law, protector, adviser, and defender, was not aware of the totality of the circumstances. THIS is self-evident by the record of the sentenceing hearing, whereby the Public Defender asks for probation in this case, and the prosecutor(Mr. Miller) must remind her that this offense is a Class B Felony and is not probationable by statute. If one who is trained in law can not fully understand the consequences, how can a person of "unsound mind" and without legal training understand such things. It is further,

(3)

evidenced by the same record, that the defender does not even goes as far as
to defend, apologize, or in any manner address her client, the ward, as to the
subsequent change, and instead of apologizes to the court for being forgetful.
NO mention of the contracted terms, no mention of anything to prevent the loss
of the citizen's life, liberty or pursuit of happiness, but then there is no real
need. By having, the defendant sign, the plea agreement, she has protected herself,
the prosecutor/government and the courts/government from any further constitutional
litigation as per this manner. As one can plainly see, this is not a good faith
situation. Not only is it not good faith, it does not disclose the terms in full,
and is especially well concealed in its actual meaning. Again, a concealment on
the part of the government.

AS To, the contract it becomes, Unconscionable and as per the same commercial code
as before quoted under 26-1-2-302

(1) If the court as a matter of law finds the contract or any clause of the contract
to have been unconscionable at the time it was made the court may refuse to enforce
the contract .....

(2) When it is claimed....any clause thereof may be unconscionable the parties shall
be afforded a reasonable opportunity to present evidence....making the determination.
AND to the idea of concealment;

Id. (U.S. v Bravo S.D. N.Y. 1992 808 F. Supp. 311)

TO the plea agreement:

Provision of this rule relating to acceptance of guilty plea entitles accused to
know consequences of guilty plea prior to time he enters it so that he may accur-
ately assess his determination.

   (U.S. v Smith , C.A. Ill. 1971, 440 F. 2d 521)

also:

...the defendant was not making a voluntary and intelligent choice among the
alternative courses of action ....(nor could he)...given the totality of the
circumstances. ( U.S. v Mitchell 58 F. 3d 1221, 1224) (7th Cir.)
The defender stated that this was the intelligent choice and the "ward" followed her
advise, before he was restored by court order to his "sound mind".

It is plain to see that " the totality of the circumstances " were convoluted
at best. One must remember that the "Booker" issue was being decided, and
was rendered just two days before the sentence hearing, this further complicated
things and made them unclear in many minds. Therefore, it can surely be said;
" A plea of guilty must be made voluntairly with (a) full understanding of
the consequences." Alton v U.S. , D.C. Va. 1975
This plea was made without full understanding.

(4)

NEW EVIDENCE PROVIDED BY APPEALS COURT AND THE U.S PROSECUTOR BY ESTOPPEL RULE

In the unpublished order attached as evidence, the court has ruled by silence, to the facts which were placed before them in the attached excerpts of brief. The U.S. Atty.- Eugene Miller has done the same by lack of rebuttal. Under the rules governing this applied techinque, the evidence therefore stands as truth. First let us look at the meaning of the technique applied; Silence, by estoppel: "Such estoppel arises where person is under duty to another to speak or failure to speak is inconsistent with honest dealings. Black's 5th. SO THEREFORE, this method is an attempt not to speak to the truth, as it is not in the best interest of the party using it. As is known this technique is used to try and turn a true statement into a presumed false statement. But it is relieant on; " Estoppel relies on silence from the party being estopped." (Mosely v Magnolia Petro. 45 N.M. 230, 114 P.2d 740, 751) also: N.Y.Life Ins. Co. v Talley, C.C.A. Iowa, 72 F. 2d 715, 718). Therefore, since such evidence is newly discovered and now made available by the appellate court upon remand, it is entered and has been attested to be truth. This having been stated it is plain to see that the district court in this Criminal Matter never had jurisdiction, nor were,the instruments used to charge or indict with ever correct. This evidence goes deeper than just the clearing of the defendant, this evidence goes to the use by the government in DISHONEST, at all costs measures to convict. THIS COURT, was seated to deal with such acts of dishonesty. Are these persons of the government who are SWORN, to uphold the law, in fact above the law ? This defendant/citizen does not believe the farmers of the Constitution expected that its citizens be held to a higher standard than the government. Our President has just claimed the Constitution in his defense of actions, and given the "totality of the circumstances" he stands correct. Is it therefore, not the defendants right (absolute) to claim the same.

The government is again, involved with the concealment of crucial evidence which is necessary for defense. and which is newly discovered by the defendant, now that he has been restored to intelligent thought. To wit; " Government suppression of favorable evidence, material to defense, justifies new trial irrespective of good or bad faith of the prosecution." ( U.S. v Librach C.A. 8 (Mo.) 1975 250, F. 2d 550 ) also; Test for granting new trial on ground that governemnt withheld evidence favorable to defendant......degree of culpability of government and a new trial if granted, is granted not just in the interest of fairness...but also to provide incentive to government to refrain from practice of intentionally withholding....( U.S. v Meier, D.C. Utah 1980, 484 F. Supp. 1129)

Dismissal for the evidence provided, new trial for the acts commited or for a total miscarriage of justice, but yet there still remains another matter of will be done to stop the mere recital of "Due Process", this is left to you, your Honorable Sir, and to the system to reform and conform to more than just statutes but to the Supreme Law of the land. (5)

The Judge in this matter, has the power to vacate on grounds of injustice but also, may set aside the verdict as per;

If judge believes that there is serious danager that miscarriage of justice has occurred, judge has power to set verdict aside, even if judge does not think that there was any erroneous rulings at trial.

( U.S. v Morales, C.A. 7 (Ill.) 1990, 902 F. 2d. 604)

## CLAIM OF DUE PROCESS AS PER THE 5th AMENDMENT AND FEDERAL CONSTITUTION

The Defendant, has provided substanial grounds for this court to rule in favor of the defendant, on relief per dimissal or to vacate. Not being trained in law, the defendant wishes to make sure those things required are to the best of his ability contained within this motion. So as first mentioned in the preface, there remains the issue of DUE PROCESS.

GIVEN, that the appellate court has restored the defendant to his sound mind and he has the ability to produce intelligent thought, he is now in a position under the law, to receive what he is owed. Due process in this matter has never been afforded to the defendant, such rights were removed by the government in their recital on the courtroom stage. But, since this was the only show for the judge to review he had nothing else to compare it too. Since all the parties were from the same party, except for the "mark", then no real assemblence of justice needed to be met, as afore mentioned per the plea agreement. IT IS THEREFORE, time to have a new trial, and one that is more than just a recital with real proceedings according to law. A trial as per the constitution and one where even the government has to be honest in its dealings. It is not believed by this citizen that our framers of the Constitution, expected the citizen to be held to a much higher standard than that of the new government which had been formed. More everyday, corporate America is put on trial for accounting practices, junk bonds, stock manipulation, ect. and is it not now time to send a message to the government and the Executive Agencies which are guilty, that they must be held accountable too. They surely are not above the law. YES, Due Process is a right, and one that is absolute , and this defendant has not been afforded such since restored to his sound mind or even before. Understanding comes the same way that the law is presumed.... by production and this defendant has produced, facts, evidence, and statute all of which demand at least a new trial, if not some other form of relief. This is presumed to be the law and such is rebuttable by production so let the arguements be made in the courtroom, with all parties present who have claims. Under the 5th Amend.

"Due Process under this amendment, when applied by federal courts, serves as basic protection of citizen against unjust federal action and must be given even broader

(6)

connatation than due process under Amend. 14 (U.S. v Townsend D.C D.C. 1957, F. Supp. 378)

This amendment forbids federal government from depriving any person of life, liberty, or property without due process of law.

( Bloom v. State of Illinois, Ill. (1968) , 88 S. Ct. 1477, 391 U.S. 194, 20 L. Ed. 2d 522)

This amendment and Amend. 6 are intended to protect the individual from governmental overreaching.

( U.S. v La Monica C.A. Ariz. 1972, 472, F.2d 580)

## PRAYER OF RELIEF

AS IS EVIDENCED, in this motion there are many forms of relief available to this court. The "totality of the circumstances" may never reach the ears of this Honorable Judge, but the defendant, requests that a judgement in the form of DISMISAL ab inito, be entered in this matter. Being that this defendant is untrained in law, or legal procedure it is unclear to him whether this parayer is necessary, but again to attempt to be correct, it is hereby entered. Again the judge has been provided many different forms of relief and is an expert in his field. So the defendant yields to your review and determination in such matters.

Noted herewith, the attachements as evidence form a critical part of this Motion and are numbered and attached pages ___/___ to ___4___ with such listed under separate page. $Total$ $17$ $pages$ $w/o$ $covers$ $(B)$

DRAWN BY MY HAND ON THIS THE _____ day of January, 2006 and attested as true. Under his unlimited commercial liability, and natural person.

_____

Keith Bennett (Johnson) natural person
in flesh and blood /        dated

(7)

## EVIDENCE PROVIDED

EXHIBIT ONE .... UNPUBLISHED ORDER OF THE APPELLATE COURT
                TWO PAGES

EXHIBIT TWO .... COURT OF APPEALS MANDATE
                ONE PAGE

EXHIBIT THREE .... ORDER FROM DISTRICT COURT & COPY OF FRONT OF MOTION
                  TWO PAGES

EXHIBIT FOUR .... COPY OF EXCERPTS FROM MOTION TO APPEALS COURT REGARD
                 JURISDICTIONAL MATTER
                 EVIDENCE ATTESTED AS TRUTH BY ESTOPPEL
                 TOTAL of 12 pages numbered 2-13 as per original document

---

ALL EVIDENCE IS IN SUPPORT OF MOTION
CASE # 03-CR-20064

**EXHIBIT 1**

UNPUBLISHED ORDER FOR THE UNITED STATES COURT
OF APPEALS (UNPUBLISHED AND NOT
TO BE CITED

THIS EVIDENCE IS TO SUPPORT CLAIMS IN MOTION BY DEFENDANT
KEITH BENNETT JOHNSON CASE NO. 03-CR-20064

Total 2 pages

> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 17, 2005
Decided November 22, 2005

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2378

| | |
|---|---|
| UNITED STATES of AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Central District of Illinois |
| *v.* | No. 03-20064-001 |
| KEITH BENNETT JOHNSON,<br>*Defendant-Appellant.* | Michael P. McCuskey,<br>*Chief Judge.* |

## ORDER

Keith Bennett Johnson was charged with bank fraud, 18 U.S.C. § 1344, and wire fraud, *id.* § 1343. Johnson entered into a written plea agreement that called for him to plead guilty to the bank-fraud count and waive his right to appeal his conviction or sentence. The district court sentenced him to 46 months of imprisonment to be followed with five years of supervised release. Johnson filed a notice of appeal despite the waiver, but his attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because she is unable to find a nonfrivolous issue for appeal. Johnson was notified of counsel's motion, *see* Cir. R. 51(b), and has responded. We limit our review of the record only to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam), and in Johnson's submissions.

Johnson's plea agreement includes an unqualified promise to forego challenging, whether by direct appeal or collateral proceeding, "any and all issues relating to this plea agreement and conviction and to the sentence . . . on any ground whatever." An appeal waiver is enforceable if entered into knowingly and voluntarily. *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005). Thus, Johnson is barred from proceeding with this appeal unless he can overcome his waiver, and he cannot contest the waiver without challenging the entire plea agreement. *See United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2002). Counsel represents that Johnson has no desire to withdraw his guilty plea and, in the process, give up the benefits he received under the plea agreement. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002) (withdrawing guilty plea may result in losing bargained-for benefits in plea agreement). Accordingly, an attempt to invalidate the waiver would be frivolous. *See United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001). It matters not that Johnson proposes to argue that his attorney mishandled aspects of his case; the waiver he executed encompasses claims of ineffective assistance by trial counsel, and since the alleged deficiency is unrelated to the negotiation of the appeal waiver, the waiver is no less effective in precluding an argument about counsel's performance. *See Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1998).

Accordingly, we GRANT counsel's motion to withdraw and dismiss the appeal.

## EXHIBIT 2

### EVIDENCE SHOWING JURISTION UPON REMAND ON DEC. 14, 2005

#### U.S. Court of Appeals Notice of Mandate

---

**Case # 03-CR-20064**                    Total 1 page

# United States Court of Appeals *Exhibit (C)*

## For the Seventh Circuit

### Chicago, Illinois 60604
### NOTICE OF ISSUANCE OF MANDATE

DATE:    December 14, 2005

TO:      John M. Waters
         United States District Court
         Central District of Illinois
         Suite 218
         201 S. Vine Street
         U.S. Courthouse
         Urbana, IL  61802-3369

FROM:    Gino J. Agnello, Clerk

RE:      05-2378
         USA v. Johnson, Keith B.
         03 CR 20064, Michael P. McCuskey, Chief Judge

         Herewith is the mandate of this court in this appeal, along
         with the Bill of Costs, if any.  A certified copy of the
         opinion/order of the court and judgment, if any, and any
         direction as to costs shall constitute the mandate.

         [ ] No record filed
         [X] Original record on appeal consisting of:

**ENCLOSED:**                                    **TO BE RETURNED AT LATER DATE:**

| | | |
|---|---|---|
| [1] | Volumes of pleadings | [ ] |
| [ ] | Volumes of loose pleadings | [ ] |
| [2] | Volumes of transcripts | [ ] |
| [1] | Volumes of exhibits | [ ] |
| [ ] | Volumes of depositions | [ ] |
| [1] | In Camera material | [ ] |
| [ ] | Other_____ | [ ] |

         Record being retained for use          [ ]
         in Appeal No. _____

         Copies of this notice sent to:        Counsel of record
         [X]      United States Marshal
         [X]      United States Probation Office

**NOTE TO COUNSEL:**
         If any physical and large documentary exhibits have been filed in
         the above-entitled cause, they are to be withdrawn ten days from the
         date of this notice.  Exhibits not withdrawn during this period will
         be disposed of.

         Please acknowledge receipt of these documents on the enclosed copy
         of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
         Received above mandate and record, if any, from the Clerk, U.S.
         Court of Appeals for the Seventh Circuit.

Date: _____          _____
(1071-120397)                          Deputy Clerk, U.S. District Court

EXHIBIT 3

ORDER FROM DISTRICT COURT STRIKING MOTION TO VACATE
ISSUED ON DEC. 14, 2005 on GROUNDS OF NO JURISDICTION

EVIDENCE OF ERROR BY COURT
with attached copy of front page of defendants
motion showing filing date.

Total 2 pages K.h

Case No. 03-CR-20064

*Exhibit (  )*

```
MIME-Version:1.0
From:ECF_Returns
To:ECF_Notices
Bcc:Chambers.Bernthal@ilcd.uscourts.gov,Chambers.McCuskey@ilcd.uscourts.gov,Mary_Ard
Message-Id:<252744>
Subject:Activity in Case 2:03-cr-20064-MPM-DGB USA v. Johnson "Order on Motion to Va
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Central District of Illinois

Notice of Electronic Filing

The following transaction was received from BB, ilcd entered on 12/14/2005 at 3:43 PM CST and filed on 12/14/2005

**Case Name:**        USA v. Johnson
**Case Number:**      2:03-cr-20064
**Filer:**
**Document Number:**

**Docket Text:**
TEXT ORDER striking [42] Motion to Vacate. This court has no jurisdiction to hear this motion because this case is currently on appeal to the Seventh Circuit Court of Appeals. Entered by Judge Michael P. McCuskey on 12/14/06. (BB, ilcd)

The following document(s) are associated with this transaction:

**2:03-cr-20064-1 Notice will be electronically mailed to:**

Tiffani D Johnson     tiffani_johnson@fd.org, Mary_Ardis@fd.org; Diana_L_King@fd.org

Eugene L Miller     eugene.miller@usdoj.gov, soni.holmes@usdoj.gov

**2:03-cr-20064-1 Notice will be delivered by other means to:**

*This Copy to be stamped and returned in envelope provided. Thank-You.*

# UNITED STATES OF AMERICA DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINIOS, DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | ) ) ) ) | |
| v | ) ) ) | Case No. 03-CR-2006 4 |
| | ) ) | Honorable Judge Michael P. McCuskey |
| KEITH BENNETT JOHNSON<br>Defendant | ) ) ) ) | |

# FILED

DEC 14 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

### MOTION TO VACATE GUILTY PLEA
### &
### TO DISMISSAL OF INDICTMENT

Defendant, KEITH BENNETT JOHNSON, is untrained in the field of law, relying on the protections afford him in litigation by the U.S. Supreme Court in Hughes v Rowe, 499 U.S. 5, 9-10; 101 S. Ct. 173; 175-177; 66 L. Ed. 2d 163 (1980) (per curiam): 30 L Ed. 652 (1972), where pro se briefs should be liberally construed and not held to technical compliance with rule or procedure.

Construction - 18 U.S.C. Rule 2 - Purpose and Construction: "These rules are not, and were not intended to be, a rigid code to have an inflexible meaning, irrespective of the cirrcumstance."

(Fallen v U.S., Fla. 1964, 84 S. Ct. 1689, 378 U.S. 139, 12 L. Ed 760.)

Keith Bennett Johnson
PRO SE
P.O. Box 12014
Terre Haute, Indiana 47810
#14092-026

EXHIBIT 4

COPY OF EXCERPTS AS FILED WITH APPEALS COURT UNDER COVER
OF MOTION WHICH QUESTIONED DISTRICT COURTS JURISDICTION
EVIDENCE ENTERED IN SUPPORT TO MOTION FOR CASE # 03-CR-20064

---

EVIDENCE GOES TO JURISDICTION AND CHARGING DOCUMENTS OF INDICTMENT
AND HAS BEEN VERFIED AS TRUTH BY BOTH THE U.S. ATTORNEY'S OFFICE
( EUGENE MILLER ) and THE APPELLATE COURT BY ORDER both under
RULES OF ESTOPPEL

---

THIS EVIDENCE HAS A TOTAL OF 12 pages and are numbered from the original
document as 2 - 13

Defendant-Appellant, Keith Bennett Johnson is untrained in the field of
law, relying on the protections afforded him in litigation by the U.S. Supreme
Court in HUGHES v. ROWE, 499 U.S. 5, 9-10; 101 S. Ct. 173; 175-177; 66L. Ed. 2d
163 (1980) (per curiam); 30 L. Ed. 2d. 652 (1972), where pro se briefs should be
liberally construed and not held to technical compliance with rules or procedure.


## Jurisdictional Challenge


Judicial Notice demanded of the attached Memorandum of Law, and points and
authorities relied upon herein, and issues raised herein must be addressed 'on the
merits' SANDERS v. U.S., 373 U.S. 1, 16-17 (1963), and addressed with 'clarity
and particularit,' McCLESKY v. ZANT, 11. S. Ct. 1454, 1470-1471 (1991).

---


Comes now the defendant-Appellant (hereafter known as Appellant), who moves
this Honorable Court and having first hand knowledge of the facts, and being
competent to testify, and that all of the facts presented herein are true, correct,
and complete, establishing undeniable and irrefuttable proof of fraud upon
the court.

The law provides that once the state or federal jurisdiction has been
challenged, it must be proven to exist. See, MAINE v. THIBOUTOT, 100 S. Ct.
2502 (1980). The question of Legislative Jurisdiction in the court over the
'locus in quo,' where the alleged criminal act was alleged to have been committed,
can be raised at any stage of the judicial proceeding; it is never presumed,
but must always be proven, it can never be waived by an accused.

In direct opposition to the Anders Brief filed August 16, 2005 regarding
No. 05-2378, and pertaining to the opening 'JURISDICTIONAL STATEMENT' setforth on
page 2 of said document, the Appellant now challenges the jurisdiction of the
District Court in this matter due to the subject matter as presented. The
following memorandum will explain the reasons for the above-entitled cause:


MEMORANDUM OF LAW


I. The Nature of Subject Matter Jurisdiction


The jurisdiction of a court of the subject matter has been said to be
essential, necessary, indispensable and an elementaary prerequisite to the

exercise of judicial power, 21 C.J.S. 'Courts' s. 18 p.25. A court cannot
proceed with a trial or make a judgement without such jurisdiction existing.

The Constitution of the United States created a government which has
jurisdiction over certain enumerated subject matter. It is only in these areas
that Congress can enact laws, and when they do, the Federal Court is the
enforcer of the law. It is only in these areas that a 'crime (or offense)'
against the United States' can exist, and this is only when Congress
actually passes a law in one of these areas.

But an act committed within a State, whether with honest or criminal intent,
cannot be made an offense against the United States, unless it has some
relation to the execution of a power of Congress, or to some matter within the
jurisdiction of the United States (U.S. v. Fox 95 U.S. 670, 672).

Teh U.S. Constitutionprescribes what the 'jurisdiction' of the Federal
government is by enumerated powers. That government can regulate foreign and
interstate commerce, fix the standards of weights and measures, establish rules
of naturalization, establish uniform rules on bankruptcies, coin money, and
provide for the punishment of counterfeiting of the coins and securities of'the
United States, protect the arts and sciences by copyrights and patents, punish
for piracies and felonies committed on the high seas, raise and support an army
and navy, and lay and collect direct taxes by appointment, and indirect taxes
by excises, duties, or impasts.

"The Courts of the United States, merely by virture of this grant of
judicial power, and in the absense of legislation by Congress, have no criminal
jurisdiction whatever. The criminal jurisdiction of the courts of the United
States is wholly derived from the statutes of the United States." (MANCHESTER v.
MASSACHUSETTS, 139 U.S. 240, 242; U.S. v. Flores, 289 U.S. 137, 151).

Acts of Congress as well as the Constitution, must generally unite to give
jurisdiction to a particular court (U.S. v. BEDFORD, 17 Fed. Cas., page 91,
103 Case No. 15, 867).

The only thing that can be a crime against the United States (a federal
crime) is that which comes from the U.S. Constitution. Those concepts were
early stated by the U.S. Supreme Court.

In relation to crimes and punishments, the objects of the delegated power
of the United States are enumerated and fixed. Congress may provide for the
punishment of counterfeiting the securities and current coin of the United
States, and may define and punish piracies and felonies committed on the
high seas, offenses against the law of nations, Art. s. 8 ***. But there is no
reference to common law authority: Every power is (a) matter of definite and
positive grant; and the very powers that are granted cannot take effect until

3

they are exercised through the medium of law (U.S. v. Worrall, 2 Dallas 2, U.S. 384, 391).

II. Unknown "Character of the Court"

The record of the Court fails at any juncture therein, to make known the 'character of the Court,' or which article of the Federal Constitution a U.S. District Court is authorized and empowered to operate. In the clear absence of this knowledge, the parties appearing before the Court are deprived of information crucial to perfecting defense(s), pleadings or the raising of challenges to certain forms of jurisdiction and proper plaintiffs.

Likewise, the Due Process and Equal Protection rights of an accused party are violated when he is brought before a Court which has concealed or failed to make known its character. The following makes it quite clear that:

1. Were the accused party to be informed that the character of the Court was that of a 'Constitutional Court' operating under Article III authority, and where the federal 'United States' was known to be the moving party-plaintiff, the accused would be able to raise the issue that the court had usurped its authority and jurisdiction, where it is known that the Constitutional Courts possess no authority to entertain an alleged criminal cause in which the federal United States is known to be party-plaintiff. If, such presiding judge and representative for the federal 'United States' were to move contrary to Constitutional authority, they would be committing felonious treason to the national Constitution.

2. Were the accused-party to be informed that the character of the Court was that of a 'Legislative Court' operating under Article I, and where it was known that the federal 'United States' was the moving party-plaintiff, the accused would have knowledge that the Court's authority to render judgement and commit orders, where such Courts have no Article III judicial power.

3. Were the accused-party to be informed that the character of the Court was that of a 'Legislative-territorial' Court, operating under Article IV, the accused would have knowledge that such Territorial Courts were created for making needed rules and regulations within the territories, belonging to the federal 'United States' and unless empowered under Article III, possess no authority to invoke Admiralty-Maritime Jurisdiction. See, AMERICAN INSURANCE CO., supra, the Court would be obligated to produce (a) maritime contract, (b) establish that the accused party was a party to such maritime contract, and (c) that the accused party had breached such maritime contract, as these are the elements of, and the sine qua non, to the invocation of Admiralty Jurisdiction.

4

## III. Statutes Invalid Without a Federal Code of Regulation

The jurisdictional parameters for Admiralty cause(s) are defined and
circumscribed under the Federal non-positive law statute Title 18 U.S.C. Section 7
(3), wherein it states in pertinent part, "...out of this jurisdiction of any
particular (sovereign) state." this limited reach is further resticted by the
plain language set out under Title 44 U.S.C. Section 1505(a)  where it provides
that when a law, rule, or regulation is not published in the Federal Register or
possess implementing regulations in the CODE OF FEDERAL REGULATIONS, that the
statutory provision is applicable only to federal officers, agents, and
employees of the federal 'United States.' The parallel tables of authorities
and rules reveal that Title 18 U.S.C. Section 7 (3) has no published authorities
nor does Title 18 U.S.C. Sections 1343 and 1344 and Title 18 Section 3231.

The ADMINISTRATIVE PROCEEDURE ACT requires that all laws and statutes that
have legal effect and substancial public interest must be published in the
FEDERAL REGISTER or they are not valid laws and have no effect thereof.

Where the instant matter is concerned, the government's own charging
instruments present self-declaring and self-evident proof that the accused
committed no offense(s) within the territorial jurisdiction of the Court, nor
was he a party to any Admiralty Maritime Contract, thus the accused could not
be lawfully subjected to a Court operating under any Admiralty authority.


IV. Fraudulent and Deceptive Misrepresentations

The government's charging instruments establish on their face self-declaring
and self-evident proof of one fraudulent misrepresentation after another designed
to deprive, deceive, and deny Petitioner of his most basic U.S. Constitutional
rights.  The law requires that jurisdiction is to be specifically alleged and
placed on the face of the charging instruments. See, AHERNS v. CLARK, 335 U.S.
188; also see, HANFORD v. DAVIS, 163 U.S. 273.  The government's charging
instruments present jurisdictional language which clearly sets jurisdiction
within the parameters of a sovereign state court, and fails to establish that
the locus in quo is within the Legislative Jurisdiction of the federal United
States, which is the sine non to federal prosecution.

In U.S. v. BEVANS, 16 U.S. (3 Wheat 336), the Court established the
principle that only where the federal government had the power of 'Exclusive
Legislation' did it have jurisdiction.  The Exclusive Legislation principle
is not addressed to subject matter, but to geographic location.  The power to
prosecute 'federal' crimes is confined to those crimes commited  within
legislative, territorial, admiralty, or maritime jurisdiction of the federal

5

United States.

See, CAHA v. U.S., 152 U.S. 211, 215, the Court stated, "No jurisdiction existed in the United States to enforce federal criminal law until consent to accept jurisdiction over acquired lands has been filed in behalf of the United States as provided in Title 40 U.S.C. Section 255, and the State authorized government to take jurisdiction was immaterial."

Also see, ADAMS v. U.S., 319 U.S. 312 and also see Title 40 U.S.C. Section 255.

The fact that the issue's significance cannot be over-stated is illustrated by the federal government's own publication, published by the U.S. Printing Office in 1956-57, entitled, "Jurisdiction Over Federal Areas Within the States," (Report of the Interdepartmental Committee for the Study of Jurisdiction Over Federal Areas Within the States). Part I and Part II, particularly Part II, states unequivocally that the Federal Government has no authority to restrict or compel the activities of the individual in those areas which are outside the Legislative and territorial jurisdiction thereof, and that the Federal Courts are limited by, and do not exceed the jurisdiction held by the Federal Government itself, stating as follows:

"The U.S. Constitution gives express recognition to but one means of federal aquisition of Legislative jurisdiction by the state consent under Article I, Section 8, Clause 17. Justice McLean suggested that the U.S. Constitution provided the sole mode of transfer or jurisdiction, and that if this mode is not pursued, no transfer of jurisdiction can take place. Id. at 41.

"It scarcely needs to be said that unless there has been a transfer of (Legislative) jurisdiction, (1) pursuant to Clause 17 by a federal acquisition of land with state consent, or (2) by cession from the state to the Federal Government, or unless the Federal Government has reserved Legislative jurisdiction upon admission of the state, the Federal Government possesses no Legislative jurisdiction over any area within a state, such jurisdiction being for exercise by the state, subject to the non-interference by the state with federal functions." Id, at 46

Chief Justice John Marshall observed that to bring these offenses within the Legislative jurisdiction of the Courts of the Union, they must have been first committed out of the jurisdiction of any state. "It is not the offense committed, but the place in which it is committed, which must be out of the jurisdiction of the state." See, PEOPLE v. GODFREY, 17 JOHNS 225 at 233 (New York).

Any time the Federal Government seeks to prosecute, and thereby regulate activity lacking in the requisite federal jurisdiction, the control of which is Constitutionally within the domain of the state and local authorities, it (United States) thereby violates both the Federal and State Constitutions, as the

6

States are the repository of our common law rights, as it is well discussed in, GIBBONS v. OGDEN, 22U.S. 1; also see, A.L.A. SCHECTER POULTRY CORP. v. U.S., 295 U.S. 495, 554; also see, N.L.R.B. v. JONES LAUGHLIN STEEL CO., 301 U.S. 1, 37; also see, HODEL v. VIRGINIA SURFACE MINING AND RECLAMATION ASSOCIATION, 452 U.S. 246, 276-277, 310-313 (1981); also see, NEW YORK v. U.S., 112 S. Ct. 2408, 2412-2429, 2431 (1992).

The Federal Government is one of delegated and enumerated powers, see, MARTIN v. HUNTER's LESSEE, 14 U.S. (1 Wheat) 304. All other powers have been retained by the States, or the people. (U.S. Constitution, Amendments Nine and Ten). In the area of criminal law, federal crimes are solely creatures of the statute, see, DOWLING v. U.S., 473 U.S. 207, 213 (1985); however, Congress' power to declare an ACT a crime ultimately must be grounded in some provision of the U.S. Constitution. See, U.S. v. FOX, 94 U.S. 670. There are clearly "jurisdictional prerequisites" for Legislation by Congress. See, COLEMAN v. THOMPSON, 501 U.S. 722, 759 (1991), which when violated, leave the statute "void ab inito" as is well-stated in 16 American Jurisprudence 2d. Section 256:

"The general rule is that an unconstitutional statute, whether federal or state, though having any form and name of law, is in reality no law, but is wholly void and ineffective for any purpose, since the unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, and unconstitutional law in legal contemplation is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. No repeal of such an enactment is necessary, since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it. ...No one is bound to obey an unconstitutional law and no courts are bound to enforce it."

In COHENS v. VIRGINIA, 19 U.S. (6 Wheat) 264, 404; 5 L. Ed. 257, 291, the Court stated, "We have no more right to decline the exercise of jurisdiction which given, than to ursurp that which is not given, the one or the other would be treason to the Constitution, likewise, a statute cannot extend federal court jurisdiction beyond limits of the Constitution." See, HODGSON v. BOWER BANK, 9 U.S. 303; 5 Cranch 303; 3 L. Ed. 108; also see, VERLINDEN B. v. CENTRAL BANK OF NIGERIA, 461 U.S. 480; 76 L. Ed. 91; 103 S. Ct. 1962.


V. Unlawful Misrepresentation of Improper Plaintiff


The government's charging instruments misrepresent on their face that the injured party or plaintiff is the instant cause at bar is the United States of

7

America, more properly defined as being the Fifty Soverign States of the Union,
United in America; separate. and distinct entities who neither individually or
collectively brought the charges under which the accused is subject to. The Federal
Government lacks the lawful authority to (mis) represent the nation at large, as being
an injured entitiy, or to pit the accused against a plaintiff who neither brought
the cause or appeared as a witness against the accused.

In violation of Appellant's Constitutional rights, and the Due Process Clause,
of the national Constitution, the government knowingly and intentionally omitted
from the face of its charging instruments the proper name (F.R.C.P. Rule 17),
the United States, Federal Corporation (Title 28 U.S.C. Section 3002 (15) (A) ),
depriving the appellant the capacity to sue (F.R.C.P. Rule 17 (b) ), and his right to
proper joinder with the name injured entities for just adjudication (F.R.C.P. Rule 19).

An alleged criminal offense against the nation at large (United States of
America) would be properly brought under "International Law," rather than within
the jurisdiction of an Article IV, Territorial Court.

The Rule of International Law has always been applied by the courts with
regard to the separate soverignty of any of the particular American Union states
versus the Federal United States when acting as a government. When the District
of Columbia (United States) acts as a collective agent or other "Commercial"
entity being the moving party in administrative courts or act through its
adminstrative agencies that have jurisdiction over government employees, or
commercial business involving the corporate United States, (District of Columbia),
being the territories and possessions of the U.S. (District of Columbia).

The government's attorneys, who are presumed to posses a superior knowledge
of the law and a high standard of the law, have advanced through their charging
instruments the confused notion that the "United States of America" and the
Federal "United States" somehow share the same definition in federal law. This
misplaced notion is brought to light by consulting Title 28 U.S.C. Section 3002
(15) (A), where it states in plain, unambiguous language, that the "United
States" is defined as a federal corporation.

In, SOLOMON v. FARLEY, 82 F. Supp. 25, the Court held, "The government of the
United States is foreign as to the (sovereign) states of the Union within the rule
of private International Law, that the penal statutes of one sovereign will not
be enforeced by another."

Also see, ROBINSON v. NORATO, H.R.I. 256; 43 A. 2d. 467; 162 A.L.R. 362; also
see, STATE OF WISCONSIN v. PELICAN INS. CO., 127 U.S. 265; S. Ct. 1320;
32 L. Ed. 239.

It is universally recognized that foreign jurisdictions will not enforce penal
statutes of another state.  See, GALVESTON H&S A.R.G. CO. v. WALLACE, 223 U.S. 481;

8

32 S. Ct. 205; 56 L. Ed. 516; also see, <u>The Antelope</u>, 10 Wheat 66; 6 L.Ed.268.

The term " United States" is defined at TITLE: 26 U.S.C. Section 3121 (e) (1)(2), as the state of the "United States",only including the "District of Columbia", the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa," It is simple to understand that the five (5) "states" of the United States corporation are not part of the fifty (50) States, united America, as the corporate states of the corporation "United States" have not been admitted to the Union of the Fifty American States. The free and independent states of the Union of the United States of America are "separate states."

The free independent states of the Union of the United States of America are " separate sovereign" from the corporate " United States." This is supported by Barb B. Kennelly (D-Conn.), Legislative Counsel, and Congressional Research Service, each confirming the meaning of the "United States", its corporate status, and its restricted jurisdictional parameters.

Whereby, the attorney representing the artificial entity, "United States", Federal Corporation, must appear with the corporate charter, and corporate seal, and establish under the law that corporate entity has the authorityto bring action at bar, within the jurisdiction of an Article IV Legislative Court.

Since these are non-postive laws "These rules apply to proceedings for offenses committed upon the high seas or elsewhere out of the jurisdiction of any particular state or district, except that such proceedings may be had in any district authorized by Title 18 U.S.C. Section 3238," an unpublished, non-positive law provision. See, 26 C.F.R. 601-702 (ii) – <u>EFFECT OF FAILURE TO PUBLISH</u>, and also see <u>UNITED STATES v. MERSKY</u> 361 U.S. 432,438 (1960).

VI. <u>TITLE 18 U.S.C. SECTIONS 1343 and 1344 ARE UNCONSTITUTIONAL BECUASE THEY BOTH LACK</u>
   <u>an ENACTING CLAUSE, are Non- Positive Law, and HAVE NO CODE of Federal Regulations</u>
To be in or at law, and to be in compliance with the U.S. Constitution, a properly enacted law must show its' authority "on its' face", which is mandatory, not discretionary. See, Title 1 U.S.C. Section 101, ENACTING CLAUSE REQUIREMENTS. Sections 1343 and 1344 of Title 18 U.S.C. contain no "ENACTING CLAUSES" AS REQUIRED under 61 Statute, 634 Section 102.

There is a fundamental maxim of law that, "A law is not obligatory unless it is promulgated." See, Blacks Law Dictionary, 2d. Ed., page 826.

Pursuant to F.R.C.P., Rule 54 (c), it stae in very clear language that an "Act of Congress" includes any Act of Congress locally applicable to, and in force in the District of Columbia, in Puerto Rico, in a territory, or in an insular possession. Whereby "Acts of Congress" are restricted to local application, viz: purely federal areas, and may not be enlarged or expanded beyond their limited jurisdictional parameters. That is why the National Prohibation Act recquired a Constitutional Amendment ratified by the sovereign states of the Union on order to have a "general" application.

9

In, **FOLEY BROTHERS v. FILARDO**, 336 U.S. 281, the High Court stated that, "It is a well established principle of law that all federal Legislation applies only when it's applied within the territorial jurisdiction of the "United States," unless a contrary intent appears." In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the FEDERAL REGISTER, and/or any given statute must be clearly articulated in its application.

The Congress for the "United States" primarily makes laws that pertain to the federal "United States," while Congress also makes laws for the "United States of America," such being those that have general applicability when such are published in the FEDERAL REGISTER.

These publishe laws are called "positive law" and apply to the nation at large. Positive law is the irrefutable laws of the UNited States of America which has withstood the test of time. The United States Code is a collection of 50 enumerated titles which contain positive and non-positive (federal) laws.

If a statute is not published in the FEDERAL REGISTER, it indicates that the statute has a limited applicability (e.g. within purely federal areas only). A citizen of the District of Columbia, the Commonwealth of PUerto Rico, a territory or insular possession of the (federal) United States is subject to both positive and non-positive law.

The Statutes this Appeallant was charged with, Title 18 U.S.C. Sections 1343 and 1344 (1) and (2) do not have either an enacting clause or a CODE OF·FEDERAL REGULATIONS attached as required by the ADMINISTRATIVE PROCEDURE ACT and the FEDERAL REGISTER ACT and are thus NON-POSITIVE LAW and invalid outside the District of Columbia as has been proven by case law as well as statute, thus, the District Court has no SUBJECT MATTER JURISDICTION because the indictment is FUNDAMENTALLY DEFECTIVE.

In, HOTCH v. UNITED STATES, 212 F. 2d. 280, the Court state that, "Under our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law of by a statutory enactment of the Legislature (22 C.J.S., Criminal Law, see 17). Therefore, the Administrative Proceedures Act and the Federal Register Act must be read as part of every Congressional delegation of authority unless specifically excepted. Those acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" or a regulation making certain acts criminal. If certain acts have not been made crimes by duly enacted law, the knowledge of their contemplated administration proscription can not subject the informed person to criminal prosecution. While ignorance of the law is

no defense, it is conversely true that a law that has not been duly enacted into positive law, is not a law of general applicability and therefore, a person who does not comply with its provisions can not be guilty of any crime."

The necessity for regulations to be published in the FEDERAL REGISTER is variously prescribed in the Administrative Procedure Act at Title 5 U.S.C. Section 552 et seq. and 1 C.F.R. Chapter 1. This need for the publication of regulations in the FEDERAL REGISTER has been repeatedly affirmed by the U. S. Supreme Court, as stated in, CALIFORNIA BANKERS ASSOCIATION v. SCHULTZ, 416 U.S. 21, 26; 94 S. Ct. 1494, 1500 (1974), where the Court held that, "...the acts civil and criminal penalties attach only upon violations of regulations promulgated by the Secretary; if the Secretary were to do nothing, the act itself would impose no penalties on anyone..."

The CODE OF FEDERAL REGULATIONS (C.F.R.), 1996 Ed. at page 721, begins the Index and Finding Aids, more commonly known as the PARALLEL TABLES OF AUTHORITIES AND RULES, its authorities are located at, 1 C.F.R., Section 8.5 (a). The finding aid lists the statute which are enumerated in the United States Code by title and section in the left column of the parallel tables. If implementing regulations have been published in the Federal Register, and to the right side, are the C.F.R. regulations by title and part, which correspond to the published statute. If the statutory provision does not appear in the left hand column, it means that the statute has not been published in the Federal Register, signifying that the statute is a non-positive law provision, pursuant to Title 44 U.S.C. Section 1505 (a) (1).

In, WEI v. ROBINSON, 246 F. 2d. 739 (7th Cir. 1957), cert. den.; 78 S. Ct. 144; 355 U.S. 879, the Court stated that, "Contents of the Federal Register and the Code of Federal Regulations are prima facie evidence of the original text and are required to be judicially noted."

See, WOLFSON v. U.S., 492 F. 2d. 1386; 204 S. Ct. 83 (1974), the Supreme Court stated that, "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby."

Appeallant had no Legal Notice or Warning.

See, SHAFER v. U.S., 229 F. 2d. 124; cert. den.; 76 S. Ct. 78; 351 U.S. 931, the Court held that, "The publication of a document in the FEderal Register creates a rebuttal presumption of validity."

11

This Appellant is protected by the final decisions of the UNITED STATES SUPREME COURT which the lower courts are bound to obey. See, UNITED STATES v. MERSKY, 361 U.S. 431,438 (1960), in which the U.S. Supreme Court state that, "Once promulgated, these regulations called for by the statute itself have the force of law, and violations thereof incur criminal prosecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the statute nor the regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other. And in the context of criminal prosecutions, the rule of strict construciton must be applied in the interpretation of the Administrative Regulation to which penal consequences attach under the statute authorizing the promulgation of the regulation, as well as the construction of the statute." HOTCH, supra.

See, U.S. v. REINIS, 794 F. 2d. 506, the Court held that, "An individual cannot be prosecuted for violating the ACT unless he violates an implementing regulation." Also see, UNITED STATES v. TWO HUNDRED THOUSAND DOLLARS, 590 F. Supp. 866, and specifically stated at 1 C.F.R. 1, "All reglations must be published in the Federal REgister to have general applicability and legal effect." Regulations published by the Secretary at, Title 26 C.F.R. 601.702 (ii) acknowledge the effect of failure to publish by stating, "Thus for example, any such matter which imposes an obligation and which is not so published or incorporated by reference will  not adversely change or affect a person's rights."

See, U.S. v. NEVERS, 7 F. 3d. 59, the Court stated that, "...to prosecute applicant for the conduct alleged under an invalid law, and/or by an information...would be a denial of due process. The "fair notice test" provided in this case, et supra, and the due process clause for both state and federal Constitution  demonstrates that the government has blatantly disregarded both, while knowingly and intentionally ignoring its superior knowledge in the law, and its high standard in the law, electing instead to fraudently misrepresent an Article IV Grand Jury and this Court, throught its charging instruments and personal averments, that the enumerated statutory provisions listed on the government's charging instruments were true, correct,  and authorized by law, which culminated in a complete miscarriage of justice by fraud.

When statutory language fails to invoke a jurisdictional element, then the charging instrument must incorporate the prerequisite, jurisdictional element, otherwise, "...if one or more of these elements are entirely missing from the

12

indictment, even after trial, such would constitute a fatal defect and the indictment would have to be thrown out."

Also, see U.S. v. CLUCHETTE, 465 F. 2d. 749 (9th Cir. 1972), where the Court ruled that, "A contrary opinion or holding would amount to flagrant violations of Constitutional and Statutory rights of the accused to be punished for conduct which he was not charged with or given the opportunity to defend against.

If the judgement is void, it is a nullity form the outset, and when a rule providing for relief from a void judgement is applicable, relief is not discretionary, but is mandatory. See, ORNER v. SHALALA, 30 F. 3d. 1307 (1994).

It was the government's burden to prove all of the elements of charged crimes mandates that the convictions cannot stand. See, THOMPSON v. VIRGINIA, 443, U.S. 307; 61 L. Ed. 2d. 560, 573 (1979), and see, U.S. v. JAMES, 987 F. 2d. 648, 650 (9th. Cir 1993).

Appeallant claims that in the instant case at bar, the government has failed, ab inito, to establish, demonstrate, or prove that it lawfully possessed Federal Jurisdiction, over the place named on its charging instrument.

When federally created crime involves an area traditionally left to the domain of the "States," the Legislative jurisdictional authority of the "United States" becomes a crucial part of the proof, it being uniformly held that the basis for the Federal Jurisdiction is an essential element of the offense. See, U.S. v McRARY, 665 F. 2d. 674, 678-679; cert. den.; 456 U.S. 1011; 102 S. Ct. 2306; 73 L. Ed. 2d. 1307 (1982); also see, U.S. v. MONTFOR, 27 F. 3d. 137, 138 (1994); also see, EX PARTE v. McCARDIE, 74 U.S. (7Wall) 506, 514; 19 L. Ed. 264.

"If a FEderal offense may be predicated upon an alternative basis of jurisdiction, a defendant's conviction can not rest upon a basis of jurisdiction different from that charged in the indictment."

Quoting from, U.S. v. MOLINARES-CHARRIS, 822 F. 2d. 1213 (1st. Cir. 1987); cert. den.; Sub-Nom; also see, PIMENTO-REDONDO v. U.S., 493 U.S. 890; 110 S. Ct. 233; 107 L. Ed. 2d. 185 (1989), where the Court held, "...if judicial construciton of a statute is unexpected, due process in violated." Also see, HELTON v. FAUVER, 930 F. 2d. 1040, 1044-1045 (3d Cir. 1991).

13