## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **KEITH BENNETT JOHNSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Case No. 05-CV-2291** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

On December 28, 2005, Petitioner, Keith Bennett Johnson, filed a document entitled "Motion for Dismissal & Order of Rescue (Relief)" (#1). Petitioner included the case number of his criminal case, 03-20064, on the document. On December 29, 2005, this court entered an Order (#3). In its Order, this court concluded that Petitioner's Motion could only be properly construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. Accordingly, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court advised Petitioner of this court's intent to characterize the Motion as one under § 2255 and warned Petitioner that this characterization would subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255 ¶ 8). This court further advised Petitioner that he had the opportunity to withdraw the Motion, if he did not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).

Subsequently, Petitioner sent a document for filing in his criminal case, Case No. 03-20064. In this document, Petitioner stated that he did not want his prior Motion to be considered a Motion pursuant to 28 U.S.C. § 2255. He specifically asked to withdraw that Motion. Accordingly, this court entered an Opinion (#4) which stated that Petitioner's Motion (#1) was hereby withdrawn.

Because nothing remained pending, this case was terminated.

Subsequently, on January 30, 2006, Petitioner filed a Motion for Relief from Judgment in Accordance with Rule 60 (#5). In this Motion, Petitioner argues that the judgment entered against him in his criminal case must be vacated under Rule 60 of the Federal Rules of Civil Procedure based upon mistake, inadvertence, excusable neglect, surprise, hardship and various other asserted grounds. This court has carefully reviewed Petitioner's Motion and the supporting documents filed by Petitioner. Following this review, this court concludes that Petitioner has not provided any valid basis for vacating the judgment entered against him in Case No. 03-20064.

On February 27, 2006, Petitioner filed an additional Motion to Set Aside Judgment (#6), again apparently seeking to have the judgment in his criminal case vacated. In this Motion, Petitioner noted that the Government had not filed a response to his Motion for Relief from Judgment. However, this court concludes that no response from the Government was necessary in this case.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion for Relief of Judgment in Accordance with Rule 60 (#5) is DENIED.

(2) Petitioner's Motion to Set Aside Judgment (#6) is DENIED.

ENTERED this 7th day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE